38429.  COVINGTON *et al.* v. GENERAL MOTORS
ACCEPTANCE CORPORATION.

DECIDED SEPTEMBER 16, 1960—REHEARING DENIED
OCTOBER 27, 1960, AND NOVEMBER 14, 1960.

*Robert Carpenter, A. Tate Conyers*, for plaintiffs in error.
*A. Mims Wilkinson, Jr.*, contra.

TOWNSEND, Presiding Judge.  The plaintiffs, doing business as C & S Used Cars, sought a money judgment against General Motors Acceptance Corporation alleging the following facts: one Mercure owned a Cadillac automobile subject to a bill of sale to secure debt in favor of the defendant; he subsequently transferred his interest in the property to the plaintiffs subject thereto with the consent of the defendant, there being a stipulation in the security instrument that the owner would not, without express permission of the creditor, transfer any interest in the property.  At the time of the transfer the notes were in default.  The plaintiffs paid up the delinquent notes and thereafter kept them current, and also paid $10 as a transfer fee "to transfer the account between Robert L. Mercure and defendant."  The defendants accepted these payments, but thereafter on November 5, 1959, returned to the plaintiffs the transfer fee and the November payment instalment, and did then "foreclose the bill of sale to secure debt executed by Robert L. Mercure, which was transferred and assigned to plaintiffs with the consent of the defendant."  The plaintiffs seek a money

judgment to recover the instalment payments made by them and also the value of repairs placed by them on the automobile. They assign error on the judgment of the trial court sustaining a general demurrer to their petition, and also a judgment overruling their demurrers to the defendant's plea of res judicata.

The sufficiency of the plea of res judicata need not be passed on, since this petition, whether based on tort or contract, shows no right of recovery in the plaintiffs. The contention that they are not bound by the judgment of foreclosure stems from *Code* § 67-302 as follows: "But one who purchases mortgaged property prior to the commencement of statutory proceedings to foreclose, and who is not a party to such proceedings, is not bound by the judgment of foreclosure, and may, when the mortgage fi. fa. is levied, go behind the judgment and set up that the mortgage could not be legally enforced as against him, whenever this is necessary and proper to establish the claim of title upon which he relies." (See also in this regard *Code* §§ 67-1601 and 67-805; *Ford v. Fargason*, 120 Ga. 606 (3) 48 S. E. 180). Assuming this to be true, to set up a cause of action here they must show some reason why the foreclosure could not have been legally enforced as against their claim of title, and this they have not done. They purchased the property subject to the rights of the conditional seller, and they have alleged no reason why such seller did not have a right to foreclose on the property at the time or in the manner in which it did so, for, although they allege that there was at the time of foreclosure no default in instalment payments, it yet appears from the bill of sale to secure debt attached as an exhibit to the petition that the conditional seller might, for a variety of other reasons, be justified in declaring the entire amount due and payable, and, on failure of the obligee to pay, to foreclose on the property. Also, even assuming that there was in fact a novation under the terms of which the conditional seller, in consideration of the $10 transfer, released the obligor Mercure and substituted these plaintiffs in his stead as purchasers, nevertheless it is also alleged that the conditional seller rescinded this agreement, returned the consideration to the plaintiffs, and, so far as appears, the plaintiffs accepted the money

and agreed to such rescission. It is not even alleged against whom the foreclosure proceedings were directed or who was in possession of the automobile at that time. Since the plaintiffs under the terms of their purchase from Mercure acquired only Mercure's equity in the property subject to an outstanding title in the defendant conditional seller, and since they have shown no reason why this instrument could not be legally enforced as against them and their own claim of title, they show no right to recover any damages from the conditional seller by reason of its foreclosure proceedings against the automobile in question.

*Judgment affirmed. Carlisle and Frankum, JJ., concur.*